This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                                            NO.    30,634

**DAVID ZAMORA,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Jacqueline D. Flores, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Jacqueline L. Cooper, Acting Chief Public Defender
Kimberly Chavez Cook, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**VIGIL, Judge.**

Defendant appeals the judgment and sentence filed after he entered a conditional guilty plea to aggravated DWI. We issued a calendar notice proposing to affirm. Defendant has responded with a memorandum in opposition. We affirm.

**Issue 1**

Defendant continues to argue that the district court erred in denying his motion to suppress based on alleged lack of reasonable suspicion to make the stop. [MIO 6] We review the grant or denial of a motion to suppress as a mixed question of fact and law. *State v. Gutierrez,* 2004-NMCA-081, ¶ 4, 136 N.M. 18, 94 P.3d 18. We determine whether the law was correctly applied to the facts and view "the facts in the light most favorable to the prevailing party." *State v. Cline*, 1998-NMCA-154, ¶ 6, 126 N.M. 77, 966 P.2d 785; *see State v. Jason L.,* 2000-NMSC-018, ¶ 10, 129 N.M. 119, 2 P.3d 856. Furthermore, we employ all reasonable presumptions in support of the district court's ruling. *See id.* ¶ 11.

Here, Officer Kathleen Lucero of the Isleta Police Department responded to a dispatch concerning a vehicle that was failing to maintain its lane. [MIO 3] Officer Lucero observed a vehicle matching this description turn into the casino parking lot without using its turn signal. [MIO 3] Defendant continues to claim that the subsequent stop was invalid because the failure to signal did not affect other traffic. *See* NMSA 1978, § 66-7-325(A) (1978) (making it illegal to fail to signal "in the event any other traffic may be affected by such movement").

In our calendar notice, we observed that this issue is controlled by *State v. Hubble*, 2009-NMSC-014, 146 N.M. 70, 206 P.3d 579, a case with similar facts where

Section 66-7-325(A) was broadly construed to permit a stop even where there is no traffic in the immediate vicinity. The fact that the officer in *Hubble* was approaching the location of the failed turn signal was sufficient to make the stop. 2009-NMSC-014, ¶ 17. As such, we proposed to hold that Officer Lucero was entitled to stop Defendant's vehicle based on her observations.

In his memorandum in opposition, Defendant argues that it was necessary for Officer Lucero to testify that she was affected by the failure to use the turn signal. [MIO 8-9] We do not construe *Hubble* to require this testimony. In any event, even if Officer Lucero had provided this testimony, and it was factually incorrect based on the circumstances, it would merely amount to a mistake of fact that would not require suppression. *Id.* ¶ 32. Given the absence of any indication that Officer Lucero made a mistake of law by interpreting any non-use of a signal to constitute a per se violation, we affirm the ruling of the district court. *See id.* ¶¶ 24-25.

**Issue 2**

Defendant continues to claim that Officer Lucero lacked authority to enforce the New Mexico Traffic Code because she was not commissioned by the Chief of the New Mexico State Police, as required by NMSA 1978, Section 29-1-11 (2005). [MIO 10] We disagree with Defendant's statutory analysis that the state police commission was mandatory. [MIO 12-13] Section 29-1-11(G) expressly states that the authority to enforce state law may also come from a county sheriff notwithstanding lack of a commission from the state police. Defendant's statutory analysis ignores the plain meaning of this language. *See Nearburg v. Yates Petroleum Corp.*, 1997-NMCA-069,

¶ 12, 123 N.M. 526, 943 P.2d 560 (declining to adopt a party's "strained interpretation" of a provision of an oil and gas lease). As Defendant notes, Officer Lucero was commissioned by the sheriff of Bernalillo County. [MIO 4] As such, she was entitled to enforce state law. *See* NMSA 1978, § 4-41-9 (1953).

For the reasons set forth above, we affirm.

**IT IS SO ORDERED.**

_____
**MICHAEL E. VIGIL, Judge**

**WE CONCUR:**

_____
**MICHAEL D. BUSTAMANTE, Judge**

_____
**RODERICK T. KENNEDY, Judge**

4